## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES E. O'REILLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 20 C 2703** |
| **v.** | ) | |
| | ) | **Judge John Z. Lee** |
| **ALEJANDRO MAYORKAS,** | ) | |
| **Secretary, Department of** | ) | |
| **Homeland Security,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM OPINION AND ORDER

James O'Reilly was employed by the United States Department of Homeland Security ("DHS" or "the government") until his retirement took effect on May 31, 2017. In this action, O'Reilly claims that the government violated his rights under Title VII and the Age Discrimination in Employment Act ("ADEA") by constructively discharging him from his job and by discriminating against him during his employment on account of his age and national origin. Now before the Court is the government's motion to dismiss or, alternatively, for summary judgment, based on the applicable limitations periods in which O'Reilly had to exhaust his administrative remedies before filing suit in federal court. For the reasons set forth below, the Court treats the government's motion as one for summary judgment and grants it.

---

[1] Alejandro Mayorkas is automatically substituted for Chad Wolf as party defendant under Federal Rule of Civil Procedure 25(d) as of February 2, 2021. *See Alejandro Mayorkas*, U.S. Department of Homeland Security, https://www.dhs.gov/person/alejandro-mayorkas (last accessed July 27, 2021).

## I.    <u>Background</u>[2]

At all relevant times until his retirement on May 31, 2017, O'Reilly was a behavior detection officer ("BDO") with the Transportation Security Administration ("TSA"), a division of DHS, at O'Hare International Airport, in Chicago, Illinois. Def.'s L.R. 56.1 Statement of Facts ("DSOF") ¶ 1, ECF No. 26. O'Reilly's claims of discrimination under Title VII and the ADEA in this case revolve around three complaints that he filed with the TSA and the Equal Employment Opportunity Commission ("EEOC") in connection with this employment.

O'Reilly filed his first administrative complaint on June 28, 2010, alleging that the TSA had subjected him to a hostile work environment and had failed to promote him to an expert BDO position due to his age and national origin. *Id.* ¶ 2; *see id.*, Ex. A, 3/18/16 EEOC Decision at 2, ECF No. 26-1. The TSA rejected O'Reilly's complaint in a decision dated March 8, 2013, but the EEOC reversed on appeal with respect to his failure-to-promote claims, ordering the TSA to promote him to an expert BDO position retroactive to January 8, 2009, with back pay. 3/18/16 EEOC Decision at 1–2, 7–9; *see* Def.'s L.R. 56.1 Reply Statement of Facts, Ex. 1, Notification of Personnel Action, ECF No. 31-1 (effectuating the promotion).

O'Reilly filed his second administrative complaint on November 26, 2016, alleging that the TSA had again subjected him to a hostile work environment and had denied two legitimate requests for leaves of absence, in retaliation for his prior complaint. DSOF ¶ 5; *see id.*, Ex. B, 11/26/16 DHS Individual Compl. of Employment

---

[2]     The following facts are undisputed or deemed admitted, unless otherwise noted.

Discrimination, ECF No. 26-2.  The TSA rejected O'Reilly's second complaint in a decision dated February 20, 2018, finding that he had failed to prove his claims, which the EEOC affirmed on appeal in a decision dated June 11, 2019.  DSOF ¶¶ 10, 12; *see id.*, Ex. D, 6/11/19 EEOC Decision at 1, 6, ECF No. 26-4.  The EEOC denied O'Reilly's request for reconsideration in a decision dated December 10, 2019.  DSOF ¶ 13; *see id.*, Ex. E, 12/10/19 EEOC Decision, ECF No. 26-5.

Before any decision had been issued on his second administrative complaint, O'Reilly applied for retirement from the TSA on February 15, 2017, selecting April 30, 2017, as his date of final separation, although he did not actually retire until May 31, 2017.  DSOF ¶¶ 6–7; *see id.*, Ex. C, Application for Immediate Retirement at 1, ECF No. 26-3.  A short while after retiring, on July 13, 2017, O'Reilly contacted an EEOC counselor to complain that his retirement constituted a constructive discharge in retaliation for his prior administrative complaints.  DSOF ¶ 8.  O'Reilly made the same claim in his third administrative complaint, filed on September 5, 2017, which the TSA rejected in a decision dated March 6, 2018, again finding that O'Reilly had failed to prove discrimination.  *Id.* ¶¶ 9, 11.  The EEOC affirmed this finding on appeal in a decision dated August 15, 2019.  *Id.* ¶ 14; *see id.*, Ex. F, 8/15/19 EEOC Decision at 1, 5, ECF No. 26-6.  The EEOC then denied O'Reilly's request for reconsideration in a decision dated January 31, 2020.  DSOF ¶ 15.  O'Reilly is presumed to have received the EEOC's decision denying reconsideration on February 5, 2020.  *See* Pl.'s L.R. 56.1 Statement of Additional Facts ("PSOAF"), Ex. 2, 1/31/20 EEOC Decision at 4, ECF No. 28.

3

O'Reilly filed this action *pro se* on May 4, 2020, reiterating all of the same allegations of discrimination raised in his three administrative complaints (including, perplexingly, the failures to promote). *See* Compl. ¶¶ 9, 12, ECF No. 1; Am. Compl. ¶¶ 9, 12, ECF No. 13. The government now moves to dismiss or, alternatively, for summary judgment, on the ground that O'Reilly's claims are untimely. *See* Def.'s Mot. Dismiss or Summ. J., ECF No. 24. Because O'Reilly does not object to treating the government's motion as one for summary judgment and because the record is fully developed as to this issue, the Court treats the motion as one for summary judgment.

## II.     Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence considered for summary judgment "must be admissible if offered at trial, except that affidavits, depositions, and other written forms of testimony can substitute for live testimony." *Malin v. Hospira, Inc.*, 762 F.3d 552, 554–55 (7th Cir. 2014). In reviewing a motion for summary judgment, the Court gives the nonmoving party "the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013).

The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must then "come forth with specific facts showing that there is a

genuine issue for trial." *LaRiviere v. Bd. of Trs. of S. Ill. Univ.*, 926 F.3d 356, 359 (7th Cir. 2019). To satisfy that ultimate burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor," *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.  <u>Analysis</u>

The government moves for summary judgment on the ground that O'Reilly's employment discrimination claims are untimely under the administrative exhaustion regime by which they are governed. In O'Reilly's view, his claims are timely because he filed this action within ninety days of February 5, 2020, when he received the EEOC's final decision with respect to his third administrative complaint.

Federal employees asserting discrimination claims under Title VII and the ADEA (among other statues) must exhaust their administrative remedies before filing a civil suit in federal district court. *See Green v. Brennan*, 136 S. Ct. 1769, 1775 (2016) (discussing exhaustion under Title VII); *Bohac v. West*, 85 F.3d 306, 309 (7th Cir. 1996) (discussing exhaustion under the ADEA). The purpose of the exhaustion requirement "is both to give the [EEOC] a chance to investigate the charge and decide whether to sue, and to encourage the complainant and the employer . . . to resolve their dispute informally." *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006).

The EEOC has promulgated a series of regulations to govern the exhaustion requirement. *Green*, 136 S. Ct. at 1175. In relevant part, the regulations first require a federal employee to "initiate contact with a Counselor within 45 days of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *see also id.* § 1614.103(a) (explaining that the regulations apply to claims under Title VII and the ADEA alike).[3]

If the EEOC counselor cannot resolve the matter, the employee may file a complaint with the agency that allegedly discriminated against him or her within fifteen days, *id.* § 1614.106(a)–(b), and, if unsuccessful, may appeal the agency's final decision to the EEOC, *id.* § 1614.401(a). Finally, if the employee is dissatisfied with the EEOC's resolution, he or she may file an action in federal district court within ninety days of receiving the EEOC's final action on the complaint. *Id.* § 1614.407(c). Each of the EEOC's final actions on O'Reilly's three administrative complaints advised him of this right to file suit within ninety days. *See* 1/31/20 EEOC Decision at 2; 12/10/19 EEOC Decision at 2; 3/18/16 EEOC Decision at 12.

Here, any discrimination or retaliation claim based on O'Reilly's first two administrative complaints is untimely because O'Reilly did not file suit within ninety days of receiving the EEOC's final actions on those particular complaints. O'Reilly's reliance on the date of the EEOC's final action on his third complaint is misplaced.

---

[3]    Alternatively, an employee may file an action under the ADEA in federal district court "in the first instance, provided that the EEOC is given at least 30 days' notice, within 180 days after the occurrence of the questioned matter, of the individual's intent to file such an action." *Bohac*, 85 F.3d at 309 (citing 29 U.S.C. § 633a(d)). O'Reilly, however, did not select this path for any of his ADEA claims.

That complaint raised only a constructive-discharge claim. 8/15/19 EEOC Decision at 1–2. And the EEOC specifically noted that O'Reilly's other claims were the subjects of his previous complaints. O'Reilly's opportunity to raise those claims in a federal court was not resuscitated when the EEOC rejected his third administrative complaint. *See King v. Ford Motor Co.*, 872 F.3d 833, 839 (7th Cir. 2017); *Taylor v. Nw. Mem'l Hosp.*, --- F.Supp.3d ----, No. 19 C 5849, 2021 WL 698487, at *2 (N.D. Ill. Feb. 23, 2021), *appeal docketed*, No. 21-1503 (7th Cir. Mar. 23, 2021).

O'Reilly's constructive-discharge claim is untimely as well, though for different reasons. The problem here is that O'Reilly did not "initiate contact" with the EEOC counselor "within 45 days of the matter alleged to be discriminatory." *See* 29 C.F.R. § 1614.105(a)(1). This forty-five-day limitations period "is construed as a statute of limitations." *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995). And in *Green*, the Supreme Court held that this limitations period begins to run for purposes of a constructive-discharge claim "when the employee gives notice of his resignation, not on the effective date of that resignation." 136 S. Ct. at 1782. As applied here, that means O'Reilly's forty-five-day clock in which to initiate contact with an EEOC counselor began to tick on February 21, 2017, when the TSA received his application for retirement—*not* on May 31, 2017, the effective date of O'Reilly's retirement. *See* Application for Immediate Retirement at 1.

O'Reilly does not dispute that he failed to initiate contact with the EEOC counselor within forty-five days as required by *Green*. Instead, he posits that the government waived this defense when the TSA "accepted" his third administrative

7

complaint for investigation. Pl.'s Resp. Opp'n Def's Mot. Dismiss or Summ. J. at 1, ECF No. 29. It is true that the forty-five-day limitations period, as an affirmative defense, may be waived under certain circumstances. *See Ester v. Principi*, 250 F.3d 1068, 1072–73 (7th Cir. 2001). As the Seventh Circuit has recognized, however, it is a "well-settled rule that agencies do not waive a timeliness defense merely by accepting and investigating a discrimination complaint." *Id.* at 1072 n.1; *accord Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004); *Belgrave v. Pena*, 254 F.3d 384, 387 (2d Cir. 2001); *Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997); *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985). Rather, waiver occurs "when an agency decides the merits of a complaint, without addressing the question of timeliness." *Ester*, 250 F.3d at 1072; *accord Horton*, 369 F.3d at 911; *Bowden*, 106 F.3d at 438.

Even assuming O'Reilly had argued that the government waived a limitations defense by rejecting his third administrative complaint on the merits without addressing the question of timeliness (which he did not, thereby engaging in waiver himself), the Court would reject that argument on the peculiar circumstances at hand. In *Horton*, for instance, the Sixth Circuit held that the Postal Service did not waive such a defense by failing to address it where, "[o]n the face of his request for counseling, . . . it was not apparent that [the plaintiff] had failed to initiate contact with the EEOC counselor within the 45-day time period mandated by 29 C.F.R. § 1614.105(a)(1)." 369 F.3d at 911. The court pointed out that, in his "EEO Request for Counseling" form, the plaintiff had "alleged discriminatory acts occurring less

than two weeks before," when in fact no such act had occurred in over six months. *Id.* at 910–11. Thus, because "[i]t was not until discovery had taken place at the district court level that the Postal Service became aware . . . that [the plaintiff's] complaint was . . . untimely," the court sensibly held that the agency had not waived this defense by failing to raise it "at the administrative level." *Id.* at 911.

The same reasoning would apply in this case. As in *Horton*, O'Reilly misrepresented the date of the alleged discriminatory event as May 31, 2017, to the EEOC counselor. *See* PSOAF, Ex. B-1, EEO Counselor's Report No. HS-TSA-01994-2017 at 1, ECF No. 28. In fact, O'Reilly specifically told the EEOC counselor that he had been "forced to retire on May 31, 2017." *Id.* at 2. And he even suggested that his forced retirement was attributable in part to an incident that occurred on April 6, 2017. *See id.* at 2–3. However, O'Reilly did not tell the EEOC counselor that he had already given notice of his retirement back in February. So, the government did not become aware that O'Reilly's third administrative complaint was untimely until he filed suit in this Court. Under these circumstances, the Court finds that the government did not waive an untimeliness defense by failing to raise it at the administrative level.

Accordingly, because O'Reilly took more than forty-five days to initiate contact with an EEOC counselor regarding his third administrative complaint, and the record discloses "no occasion for equitable tolling," his constructive-discharge claim is barred as being untimely. *See Lapka v. Chertoff*, 517 F.3d 974, 981 (7th Cir. 2008).

9

## IV.    <u>Conclusion</u>

For the reasons set forth above, the government's motion to dismiss or, alternatively, for summary judgment is treated as a motion for summary judgment and granted.  Judgment will be entered accordingly in favor of the government.  Civil case terminated.


**IT IS SO ORDERED.**                    ENTERED: 9/3/21

_____
**John Z. Lee**
**United States District Judge**